IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-751 T

(Judge Edward J. Damich)

LAWRENCE S. LEWIN and MARION E. LEWIN,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

ANSWER

Defendant, the United States, through its attorneys, hereby answers plaintiffs' complaint. Defendant respectfully denies each and every allegation contained therein that is not admitted below. In response to particular paragraphs of the complaint, defendant further:

1. Admits that Lawrence S. Lewin and Marion E. Lewin are plaintiffs herein, and states that it currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 1.

2. Admits the allegation in ¶ 2.

3. States that the allegations in ¶ 3 represent plaintiffs' characterization of the legal basis of this suit, to which no response is necessary.

4. States that jurisdiction, to the extent it exists, is conferred by 28 U.S.C. § 1491(a).

COUNT ONE
(Calendar Year 1987)

5. Admits the allegations in ¶ 5.

6. With respect to the allegations in ¶ 6, admits that Lawrence S. Lewin was a partner in Dillon Oil Technology Partners ("Dillon") and that Dillon was a partnership in the Elektra/Hemisphere partnership group, and states that it currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 6.

7. With respect to the allegations in ¶ 7, admits that, on September 13, 2004, the IRS received a refund claim in the amount of $22,722.00 for refund of tax for the Lewins' 1987 tax year and a request for §6621(d) interest netting that did not specify the amount of interest to be refunded or abated, and states that it currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 7.

8. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegation in the first sentence of ¶ 8 that the Lewins realized a loss on the worthlessness and termination of Dillon; states further that the first sentence of ¶ 8 represents plaintiffs' characterization of the legal basis of their claim, and, alternatively, that it constitutes a conclusion of law to which no response is required; states that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of ¶ 8; and denies the allegation in the third sentence of ¶ 8 that a refund is due to the Lewins.

8.A. With respect to the allegations of the first sentence of ¶ 8.A., admits that there was litigation in the Tax Court pursuant to 26 U.S.C. § 6226 with respect to Dillon and its activities; and states that the allegations of the second sentence of ¶ 8.A. constitute conclusions of law to which no response is required.

8.B. With respect to the allegations of the first sentence of ¶ 8.B., admits that a decision entered in *Vulcan Oil Tech. Partners, et. al. v. Commissioner*, U.S. Tax Court Docket No. 21530-87, disallowed partnership loss reported by Dillon on its 1983 partnership return, that a decision entered in *Vulcan Oil Tech. Partners, et. al. v. Commissioner*, U.S. Tax Court Docket No. 16768-88 disallowed partnership loss reported by Dillon on its 1984 partnership return, and that those decisions "resulted in . . . tax liabilities in the disallowance years", and states that it currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of ¶ 8.B.; states that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of ¶ 8.B.

8.C. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of ¶ 8.C. that plaintiffs' partnership interest was worthless, abandoned, dissolved, or terminated, denies the remaining allegations in the first sentence of ¶ 8.C., and, alternatively, states that the allegations of the first sentence of ¶ 8.C. represent plaintiffs' characterization of the legal basis of their claim to which no response is required; states that the allegations of the second sentence of ¶ 8.C. represent plaintiffs' characterization of the legal basis of their claim to which no response is required; and denies the allegations of the third sentence of ¶ 8.C., and, alternatively, states that the allegations of the third sentence of ¶ 8.C. represent plaintiffs' characterization of the legal basis of their claim or conclusions of law to which no response is required.

8.D. States that the allegations in ¶ 8.D. constitute plaintiffs' characterization of the nature of their refund claim and the amount of the "Total Resulting Basis" to which they would

be entitled if such claim were allowed, to which no response is required, and, alternatively, states that, to the extent the allegations in ¶ 8.D. regarding "Cash Invested . . ." and "Partner's % of Positive Income. . ." constitute allegations of fact, it currently lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

8.E. With respect to the allegations of the first sentence of ¶ 8.E., admits that, in some instances, the IRS notified a partner in an AMCOR partnership that capital loss treatment would be allowed for basis remaining in the partner's AMCOR partnership interest after partnership level adjustments; with respect to the allegations of the second sentence of ¶ 8.E., admits that the document that is attached as Exhibit A to the refund claim attached to plaintiffs' complaint and that forms the basis for the allegations of the second sentence of ¶ 8.E. reads in part:

**AMCOR CLAIM INSTRUCTIONS**

> A claim may be filed to reflect the increase in your basis due to the sale of the partnership interest. In addition to the appropriate form, please send a copy of the tax return for the year in which the sale of the partnership interest was reported. If there is a capital loss carryover issue (you already reported a $3,000 loss on Schedule D), we will need a claim for the year(s) that the loss was carried to. Include a copy of any examination reports that reflect the amount of losses disallowed or income increased.
>
> In order to identify the claim as "AMCOR", **please annotate the top of the 1040X** with the following:

**<u>AMCOR Claim - forward to TEFRA Operation Stop 639</u>**

Defendant further states that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegation in the second sentence of ¶ 8.E. that the document "was sent from the IRS to the partners", and states that the remaining allegations in the second sentence of ¶ 8.E. constitute plaintiffs' legal conclusions regarding the similarity of claims to which no response is required; states that it currently lacks knowledge or information sufficient

to form a belief as to the truth of the allegation in the third sentence of ¶ 8.E. that "the taxpayers did not sell their partnership interest," and states that the remaining allegations of the third sentence of ¶ 8.E. represent plaintiffs' characterization of the nature and legal basis of their claim to which no response is required.

8.F. States that the allegations in the first sentence of ¶ 8.F. constitute plaintiffs' characterization of the legal basis of their claim, to which no response is required; states that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of ¶ 8.F. that "The Plaintiffs received no distribution of cash or marketable securities or relief of any partnership debt," and states that the remaining allegations in the second sentence of ¶ 8.F. constitute conclusions of law to which no response is required.

8.G. States that the allegations in ¶ 8.G. constitute conclusions of law regarding an alternative claim, to which no response is required.

8.H. States that the allegations in ¶ 8.H. constitute conclusions of law to which no response is required.

8.I. With respect to the allegations in the first sentence of ¶ 8.I., admits that an IRS memorandum dated January 6, 2000 (which was attached as Exhibit C to the refund claim referred to above in ¶ 7 (Exhibit C is referred to in but not attached to the refund claim attached to plaintiffs' complaint) and that forms the basis for the allegations concerning an IRS memorandum in the first sentence of ¶ 8.I.) discusses, in the context of AMCOR partnerships, the nature and timeliness of a claim for a loss based on an increase in the basis of a partnership interest after partnership level adjustments and concludes that the timeliness of such a claim is

governed by the two year from settlement period set forth in 26 U.S.C. § 6230(c)(2)(B)(i), states that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegation in the first sentence of ¶ 8.I. that a refund claim was made within two years after the date of a court decision, and states that the remaining allegations in the first sentence of ¶ 8.I. constitute conclusions of law to which no response is required; and denies the allegations in the second sentence of ¶ 8.I.

8.J. States that the allegations in the first sentence of ¶ 8.J. constitute conclusions of law and, alternatively, plaintiffs' characterization of the legal basis of the claim, to which no response is required; and states that the allegations in the second sentence of ¶ 8.J. constitute conclusions of law to which no response is required, and, alternatively, that it currently lacks knowledge of information sufficient to form a belief as to the truth of the allegations in the second sentence of ¶ 8.J.

9. With respect to the allegations in the first sentence of ¶ 9, admits that over six months have elapsed since the IRS' receipt of the refund claim referred to above in ¶ 7; states that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of ¶ 9, and that, on November 22, 2004, the IRS disallowed a claim with respect to plaintiffs' 1987 tax year.

10. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 10.

## JURISDICTIONAL DEFENSE

11. This Court lacks subject matter jurisdiction, insofar as the complaint seeks a tax refund, if plaintiffs failed to file the refund claim referred to above in ¶ 7 in a timely manner.

AFFIRMATIVE DEFENSE

12. Plaintiffs may be barred by the doctrine of *res judicata* or *collateral estoppel* from seeking a tax refund, because plaintiffs are bound by one or more decisions of the United States Tax Court relating to partnerships in the Elektra/Hemisphere partnership group, including Dillon Oil.

Respectfully submitted,

s/Bart D. Jeffress
BART D. JEFFRESS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6496
(202) 514-9440 (fax)

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief, Court of Federal Claims Section

s/Steven I. Frahm
Of Counsel

January 5th, 2007